Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/20/2026
CT Log Number 551696860

## Service of Process Transmittal Summary

**TO:** Legal Sop
Lyft, Inc.
185 BERRY ST STE 400
SAN FRANCISCO, CA 94107-1725

**RE:** **Process Served in Maryland**

**FOR:** Lyft, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RHONDA SAPP // To: Lyft, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Sheet, Complaint, Initial Order |
| **COURT/AGENCY:** | Superior Court of the District of Columbia - Civil Division, DC<br>Case # 2026CAB001634 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 05/16/2023 |
| **PROCESS SERVED ON:** | The Corporation Trust Incorporated, Lutherville Timonium, MD |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 03/20/2026 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Maryland |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons upon you, exclusive of the day of service<br>(Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Joel DuBoff<br>DuBoff & Associates, Chartered<br>1300 Spring Street, Suite 120<br>Silver Spring, MD 20910<br>301-459-3131 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/21/2026, Expected Purge Date: 03/26/2026<br><br>Image SOP<br><br>Email Notification, John Pellegrini jpellegrini@lyft.com<br><br>Email Notification, Christopher Youngblood cyoungblood@lyft.com<br><br>Email Notification, Eboni James ebonijames@lyft.com<br><br>Email Notification, Ty Lim tlim@lyft.com<br><br>Email Notification, Legal Sop legal-sop@lyft.com<br><br>Email Notification, Zermani Kadiam zkadiam@lyft.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Incorporated<br>2405 York Rd<br>Ste 201<br>Lutherville Timonium, MD 21093 |



Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/20/2026
CT Log Number 551696860

8775647529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

DuBoff & Associates, Chartered
Attorneys & Counselors at Law

1300 Spring Street, Suite 120
Silver Spring, Maryland 20910

CERTIFIED MAIL®

9589 0710 5270 2913 4215 80

Spiral Galaxy NGC 628
USA 10.10
TWO OUNCE USA
FOREVER

**LYFT, Inc. aka LYFT, LLC**
SERVE: Registered Agent
The Corporation Trust Incorporated
2405 York Road, Suite 201
Lutherville Timonium, Maryland 21093

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Rhonda Sapp
Plaintiff

vs.

Case Number 2026-CAB-001634

Lyft, Inc. aka Lyft, LLC
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Joel DuBoff, Esquire #180356
Name of Plaintiff's Attorney

1300 Spring Street, Suite 120
Address
Silver Spring, Maryland 20910

301 459-3131
Telephone

*Clerk of the Court*

By ______________________
Deputy Clerk

Date March 13, 2026

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, ***DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.***

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

__________________________________
Demandante

contra

Número de Caso: ____________________

__________________________________
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

____________________________
Nombre del abogado del Demandante

____________________________
Dirección

Por: ____________________________
Subsecretario

____________________________

Fecha ____________________________

____________________________
Teléfono

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

RHONDA SAPP
Plaintiff(s)

vs

LYFT, INC., AKA LYFT, LLC AND RUDY HERNANDEZ
Defendant(s)

Case Number: 2026-CAB-001634

Date: ______

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Joel DuBoff, Esquire # 180356 | Relationship to Lawsuit |
|---|---|
| Firm Name: DuBoff and Associates, Chartered | ☑ Attorney for Plaintiff |
| Telephone No.: (301) 495-3131 Unified Bar No.: | ☐ Self (Pro Se) |
| | ☐ Other: ______ |

TYPE OF CASE: ☐ Non-Jury ☑ 6 Person Jury ☐ 12 Person Jury

Demand: $ 75,000.00 Other: ______

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: ______ Judge: ______ Calendar #: ______

Case No.: ______ Judge: ______ Calendar #: ______

NATURE OF SUIT: *(Check One Box Only)*

**CONTRACT**

☐ Breach of Contract
☐ Breach of Warranty
☐ Condo/Homeowner Assn. Fees
☐ Contract Enforcement
☐ Negotiable Instrument

**COLLECTION/INS. SUB**

☐ Debt Collection
☐ Insurance Subrogation
☐ Motion/Application for Judgment by Confession
☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**

☐ Breach of Contract
☐ Discrimination
☐ Wage Claim
☐ Whistle Blower
☐ Wrongful Termination

**REAL PROPERTY**

☐ Condo/Homeowner Assn. Foreclosure
☐ Declaratory Judgment
☐ Drug Related Nuisance Abatement
☐ Ejectment
☐ Eminent Domain
☐ Interpleader
☐ Other
☐ Quiet Title
☐ Specific Performance

☐ **FRIENDLY SUIT**
☐ **HOUSING CODE REGULATIONS**
☐ **QUI TAM**
☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**

☐ Administrative Search Warrant
☐ App. for Entry of Jgt. Defaulted Compensation Benefits
☐ Enter Administrative Order as Judgment
☐ Libel of Information
☐ Master Meter
☐ Petition Other
☐ Release Mechanics Lien
☐ Request for Subpoena

**MALPRACTICE**

☐ Medical – Other
☐ Wrongful Death

**AGENCY APPEAL**

☐ Dangerous Animal Determination
☐ DCPS Residency Appeal
☐ Merit Personnel Act (OEA)
☐ Merit Personnel Act (OHR)
☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☑ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil
- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☑ Personal Injury
- ☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

[signature] 3/12/26

Filer/Attorney's Signature Date

eFiled
3/12/2026
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION

**RHONDA SAPP**
6515 N. Capitol St. N.E.
Washington, D. C. 20012-2109

*Plaintiff,*

vs. CASE NO.: 2026-CAB-001634

**LYFT, Inc. aka LYFT, LLC**
SERVE: Registered Agent
The Corporation Trust Incorporated
2405 York Road
Suite 201
Lutherville Timonium, Maryland 21093

and

**RUDY HERNANDEZ**
**Dba Lyft Driver**
2655 Arlington Drive
Alexandria, VA 22306

*Defendants.*

## COMPLAINT

Comes now the Plaintiff, Rhonda Sapp, by and through his attorneys, Joel DuBoff, Esq., and DuBoff & Associates, Chartered, and hereby brings his cause of action against Defendants, Lyft, Inc. aka Lyft, LLC (hereafter known as Lyft) and Rudy Hernandez (hereafter known as Lyft Driver, and in support thereof states as follows:

## Jurisdiction

1. Defendant Lyft is an organization that operates in the District of Columbia.

## Parties

2. Defendant Lyft driver was driving under the pretext of the organization that operates in the District of Columbia.
3. At all times relevant hereto, it is upon information and good belief that vehicle defendant Lyft Driver

was operating at the time of this complained of collision and acting for all proposes as working as an agent of defendant Lyft and/or direction of defendant Lyft.

4. At all times relevant hereto, it is upon information and good belief that defendant Lyft Driver was acting within the scope of employment, agency and/or direction of defendant Lyft, at the time of this complained of collision.

5. At all times relevant hereto, defendant Lyft is liable for any harms and losses caused by a negligent act of one of its employers and/or agents under the theory of *respondeat superior*.

**<u>Factual Background</u>**

6. On or about May 16, 2023, the Defendant Lyft Driver was operating a vehicle at Rhode Island and First Street, in Washington, D. C.

7. At the same time and place, defendant Lyft Driver, wherein the Plaintiff was a passenger in the Lyft driven vehicle. was driving aggressively engaged with another vehicle and crashed into the other vehicle.

8. Suddenly and without warning, the authorized Lyft vehicle being operated by defendant Lyft Driver struck the other vehicle, causing the collision and causing the plaintiff immediate pain and injury.

**<u>Count I – Negligence against Defendant Lyft Driver</u>**

9. At all times relevant hereto, defendant Lyft Driver owed a duty to operate the vehicle in a safe and reasonable manner, to use due care for herself, her passengers, and others, keep a proper lookout, to know the lane controls and rules of the road, to not drive carelessly or recklessly, drive free from negligence and with due regard for the safety of her passengers and other persons.

10. Defendant Lyft Driver breached that duty by, *inter alia,* by; failing to pay attention to driving; driving while distracted; failing to control speed to avoid collision, failing to timely apply the brakes, striking other objects and vehicles, not injuring passengers, to wit the plaintiff, and was negligent and in

violation of the rules of the road.

11. As a direct and proximate result of the negligent acts of defendant Lyft Driver and through no contributory negligence on the part of plaintiff, the plaintiff suffered, and will continue to suffer, serious physical permanent and prolonged injuries; and injuries across his body as well as great pain and suffering.

12. As a direct and proximate result of the aforesaid injuries, the plaintiff has incurred and shall in the future continue to incur hospital and medical expenses, medical treatment and care. Plaintiff also has suffered, and shall continue to suffer great pain, scaring, suffering, mental anguish and disability and other damages.

13. At all times relevant hereto, the plaintiff acted with due care and without negligence.

WHEREFORE, Plaintiff, Rhonda Sapp, an innocent passenger, demands judgment of and from the Defendant, Rudy Hernandez, in a sum of One Hundred Seventy Thousand Dollars, in compensatory damages, with interests and costs and for such other relief this Honorable Court deems fair and reasonable.

**<u>Count II – Negligent Entrustment Against Defendant Lyft, LLC aka Lyft, Inc.</u>**

14. At all times relevant hereto, defendant Lyft, owed a duty to the plaintiff to act reasonably in who it would entrust with operating on the behest of defendant Lyft.

15. At all times relevant hereto, defendant Lyft, as the director of the quest of the vehicle defendant Lyft Driver was operating, had the right of responsibility of who could and could not operate their vehicle in unknown areas in a safe and competent manner.

16. Defendant Lyft, breached that duty by, *inter alia,* by allowing, providing or contributing to defendant Lyft Driver being given access and operation of a hired ride operator, and Defendant Lyft knew or should have known that defendant Lyft Driver was a foreseeable risk of harms to others, to wit the

plaintiff.

17. As a direct and proximate result of the negligent acts of defendant Lyft, and through no contributory negligence on the part of plaintiff, the plaintiff suffered, and will continue to suffer serious physical and injuries across his body as well as great pain and suffering.

18. As a direct and proximate result of the aforesaid injuries, the plaintiff, has incurred, and shall in the future continue to incur hospital and medical expenses, medical treatment and care. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and other damages.

19. At all times relevant hereto, the plaintiff acted with due care and without negligence.

20. As a direct and proximate result of the aforesaid injuries, the plaintiff, has incurred, and shall in the future continue to incur hospital and medical expenses, medical treatment and care. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and other damages.

21. At all times relevant hereto, the plaintiff, was a captive victim passenger and acted with due care and without negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff, Rhonda Sapp, demands judgment of and from the Defendant, Rudy Hernandez, in a sum of One Hundred Seventy Thousand Dollars, in compensatory damages, with interests and costs and for such other relief this Honorable

WHEREFORE, Plaintiff, Rhonda Sapp, demands judgment of and from the Defendant, Lyft, Inc. aka Lyft, LLC, in a sum of One Hundred Seventy Thousand Dollars, in compensatory damages, with interests and costs and for such other relief this Honorable Court deems fair and reasonable.

**Request for Trial by Jury**

Plaintiff requests a trial by a jury of six for all matters asserted herein.

Respectfully submitted,

By: ______________________________

Joel DuBoff, Esquire #180356
DUBOFF & ASSOCIATES, CHARTERED
1300 Spring Street, Suite 120
Silver Spring, Maryland 20910
(301) 495-3131 Office
(301) 587-1872 Facsimile
jduboff@dubofflawgroup.com
Attorney for the Plaintiff

Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Lyft, Inc.
Attn The Corporation Trust Incorporated
2405 York RD STE 201
Lutherville Timonium MD 21093

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:** Rhonda Sapp v. Lyft, Inc. et al.

**To:** Lyft, Inc. **Case Number:** 2026-CAB-001634

## NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **06/12/2026** at **9:30 AM** in **Remote Courtroom 318**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.
   Link: dccourts.webex.com/meet/ctb318
   Meeting ID: 129 801 7169
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናጋግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2026-CAB-001634

**Case Style:** Rhonda Sapp v. Lyft, Inc. et al.

## INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 06/12/2026 | 9:30 AM | Remote Courtroom 318 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Katherine E Oler. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.
2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.
3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).
4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.
5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.
6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb318

   Meeting ID: 129 801 7169

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities**:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción**:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing

- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
**(Click here for more information)**

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

# District of Columbia Courts

## Tips for Using DC Courts Remote Hearing Sites

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**

**Remote Site - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Remote Site - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020



**Remote Site – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

***You should bring the following items when you come to your scheduled site location***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call: 202-879-1900
Email: DCCourtsRemoteSites@dcsc.gov

# Tribunales del Distrito de Columbia

## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.

**Sito Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Sito Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020



**Sito Remoto – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

***Cuando concurra al sitio programado debe llevar los siguientes artículos***

1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| RHONDA SAPP | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil No.: 2026-CAB-001634 |
| LYFT, INC., et al. | : | Judge Katherine E. Oler |
| | : | Next Event: Scheduling Conference |
| Defendants. | : | June 12, 2026, at 9:30 a.m. |
| | : | |

**LYFT, INC.'S ANSWER TO COMPLAINT**

Defendant, Lyft, Inc. ("Lyft"), by and through its counsel, Kathryn E. Bonorchis and Lewis Brisbois Bisgaard & Smith LLP, hereby files its Answer to Plaintiff's Complaint in the above-captioned case. In support thereof, Lyft states as follows:

**Jurisdiction**

1. Defendant Lyft admits Paragraph 1.

**Parties**

2. Paragraph 2 does not make sense as phrase and is denied.

3. Defendant Lyft denies Paragraph 3. Defendant did not hire, employ, or control Defendant Hernandez[1]. Rather, at the time of the subject motor vehicle accident, Defendant Hernandez was an independent contractor who used the Lyft application, website, and technology platform (the "Lyft platform") to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service.

4. Defendant Lyft denies Paragraph 4. Defendant did not hire, employ, or control Defendant Hernandez. Rather, at the time of the subject motor vehicle accident, Defendant

[1] Defendant Lyft objects to referring to Defendant Hernandez as "Defendant Lyft Driver" and asserts that objection to all such references in the Complaint.

Hernandez was an independent contractor who used the Lyft platform to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service.

5. Defendant Lyft denies Paragraph 4. Defendant did not hire, employ, or control Defendant Hernandez. Rather, at the time of the subject motor vehicle accident, Defendant Hernandez was an independent contractor who used the Lyft platform to connect with other platform users like Plaintiff looking for a ride pursuant to Lyft's Terms of Service

**Factual Background**

6. Upon information and belief, Defendant Lyft admits the factual allegations in Paragraph 6.

7. Defendant Lyft lacks sufficient knowledge to admit or deny the factual allegations in Paragraph 7 and demands strict proof thereof, except to, upon information and belief, admit that Plaintiff was a passenger in Defendant Hernandez's vehicle and subject to Lyft's Terms of Service.

8. Defendant Lyft lacks sufficient knowledge to admit or deny the factual allegations in Paragraph 8 regarding how the alleged incident occurred and demands strict proof thereof. Lyft denies that any "Lyft vehicle" was involved in the alleged incident. Lyft did not own, operate, or control any vehicle involved in the subject incident.

**Count 1 – Negligence against Defendant Lyft Driver**

9. Paragraph 9 is not directed at Defendant Lyft and does not require a response.

10. Paragraph 10 is not directed at Defendant Lyft and does not require a response.

11. Paragraph 11 is not directed at Defendant Lyft and does not require a response.

12. Paragraph 12 is not directed at Defendant Lyft and does not require a response.

13. Paragraph 13 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft lacks sufficient information to admit or deny Paragraph 13 and demands strict proof thereof.

**Count II – Negligent Entrustment Against Defendant Lyft, LLC aka Lyft, Inc.**

14. Paragraph 14 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft denies Paragraph 14 and demands strict proof thereof.

15. Paragraph 15 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft denies Paragraph 15 and demands strict proof thereof.

16. Paragraph 16 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft denies Paragraph 16 and demands strict proof thereof.

17. Paragraph 17 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft denies Paragraph 17 and demands strict proof thereof.

18. Paragraph 18 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft denies Paragraph 18 and demands strict proof thereof.

19. Paragraph 19 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft lacks sufficient information to admit or deny Paragraph 19 and demands strict proof thereof.

20. Paragraph 20 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft lacks sufficient information to admit or deny Paragraph 20 and demands strict proof thereof.

21. Paragraph 21 seeks a legal conclusion which does not require a response. To the extent that further response is deemed necessary, Defendant Lyft lacks sufficient information to admit or deny Paragraph 21 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### *First Defense*

The Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against Defendant Lyft.

### *Second Defense*

Plaintiff may have failed to mitigate her damages, if any, and said failure to mitigate has proximately caused or contributed to the matters complained of and the damages alleged in the Complaint, if any. Therefore, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### *Third Defense*

The injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, recklessness, and/or intentional conduct of other persons and/or entities, and thus, Defendant Lyft is entitled to an allocation of such negligent, reckless, and/or intentional conduct amongst them, conduct which Defendant Lyft denies, and these other persons and/or entities. Thus, if any liability is found against Defendant Lyft, judgment should be assessed against it only to the extent that it represents the proportionate percentage by which this Defendant's acts and/or omissions contributed to Plaintiff's injuries, if any.

***Fourth Defense***

No act or omission of Defendant Lyft was a factor, whether substantial or otherwise, in causing the incident or injury alleged in the Complaint. Additionally, no act and/or omission of Defendant Lyft contributed, in any manner, to the incident or injury alleged in the Complaint. Finally, any alleged acts and/or omissions on the part of Defendant Lyft were superseded by the acts and/or omissions of other persons or entities, which acts and omissions were the independent, superseding, and intervening cause of the incident and injury described in the Complaint.

***Fifth Defense***

In the event Defendant Lyft is found liable, it is entitled to indemnification and/or contribution from any person or entity whose negligence proximately contributed to the resulting injuries and damages.

***Sixth Defense***

At the time of the occurrence alleged in her Complaint, Plaintiff had entered into a legally binding agreement with Lyft, governing Plaintiff's use of the Lyft platform. Pursuant to this agreement, Plaintiff expressly waived the right to the resolution of disputes in a court of law by a judge or jury and agreed to submit any claims between Plaintiff and Lyft to arbitration. Pursuant to the Federal Arbitration Act, Plaintiff is required to arbitrate her claim against Lyft.

***Seventh Defense***

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. Defendant herein reserves the right to assert additional Affirmative Defenses in the event discovery reveals it would be appropriate.

WHEREFORE, for the reasons set forth above, Defendant Lyft, Inc., respectfully requests that judgment be entered in its favor if this matter is not arbitrated along with other relief, as this Court deems proper.

Further, Lyft contends that Plaintiff's claims against Lyft are subject to mandatory, binding arbitration pursuant to Plaintiff's contract with Lyft. In the event such claims are not arbitrated, however, Lyft requests a jury trial solely to preserve that right and without waiving its right to compel arbitration of this matter.

Respectfully submitted,

/s/ Kathryn E. Bonorchis

Kathryn E. Bonorchis, Bar # 977709
Lewis Brisbois Bisgaard & Smith, LLP
100 Light Street, Suite 1300
Baltimore, MD 21202
Kathryn.Bonorchis@lewisbrisbois.com
Telephone: (410) 525-6409
*Attorneys for Defendant Lyft, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of April, 2026, a copy of the foregoing *Answer* was filed electronically and/or send via U.S. Mail, to:

Joel DuBoff, Esquire (#180356)
DUBOFF & ASSOCIATES, CHARTERED
1300 Spring Street, Suite 120
Silver Spring, MD 20910
301-495-3131 (office)
301-587-1872 (fax)
jduboff@dubofflawgroup.com
*Attorney for Plaintiff*

Rudy Hernandez
2655 Arlington Drive
Alexandria, VA 22306
*Defendant*

/s/ Kathryn E. Bonorchis
Kathryn E. Bonorchis